UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DALE R. COX,
REGINA COX,

                      Plaintiffs,

-vs-                                           Case No. 6:05-cv-1210-Orl-18JGG

KRUEGER INTERNATIONAL, INC.,

                      Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO AMEND/CORRECT [3] ANSWER TO COMPLAINT (Doc. No. 17)** |
| **FILED:** | December 13, 2006 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED.** | |

Defendant Krueger International, Inc. moves for leave to amend its answer to assert two new affirmative defenses: 1) non-party Home Depot Inc.'s apportionment of fault; and 2) the action is barred by Florida's statute of repose, Fla. Stat. § 95.031(b) [sic].[1] Docket 17. Plaintiffs oppose the

---

[1] Fla. Stat. § 95.031(2)(b) provides in relevant part: "Under no circumstances may a claimant commence an action for products liability, including a wrongful death action or any other claim arising from personal injury or property damage caused by a product, to recover for harm allegedly caused by a product with an expected useful life of 10 years or less, if the harm was caused by exposure to or use of the product more than 12 years after delivery of the product to its first purchaser or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product. All products, except those included within subparagraph 1. or subparagraph 2., are conclusively presumed to have an expected useful life of 10 years or less."

motion as it is brought approximately 10.5 months after the deadline set in the Case Management and Scheduling Order for the amendment of pleadings, and Defendant has failed to establish good cause for modification of the Scheduling Order. Docket 18. The Honorable G. Kendall Sharp referred the motion to the undersigned for report and recommendation.

I.  **BACKGROUND**

Plaintiff Dale R. Cox's claim arises from an injury he sustained at work while employed by Home Depot, Inc. Docket 2 at 2. On July 10, 2004, Cox was on break in the employee break room and sat on a chair manufactured by Defendant. *Id.* The chair broke and Cox was injured. *Id.*

Cox filed suit in state court on July 12, 2005, asserting theories of strict products liability and negligence against Defendant. Docket 1, 2. Defendant removed the case to federal court on August 19, 2005, on the grounds of diversity jurisdiction. Docket 1. The parties filed their Case Management Report on October 13, 2005, and the Court entered its Case Management and Scheduling Order ("CMSO") on October 14, 2005. Docket 10, 11. The CMSO set a deadline of February 3, 2006, to file amended pleadings and to join parties. Docket 11 at 1. The discovery deadline is January 31, 2007. *Id.*

Defense counsel conferred with Plaintiff's counsel regarding the motion on November 27, 2006, and December 12, 2006. Docket 17 at 6. The motion for leave to amend the answer was filed on December 13, 2006. Docket 17.

II.  **THE LAW**

Except for amendments made "of course" or pursuant to stipulation, leave of court is required to amend a pleading. Fed. R. Civ. P. 15(a). Rule 15 requires that leave to amend "shall be freely

-2-

given when justice so requires." *Id.* The party who wishes to amend must set forth with particularity the ground of the amendment and the relief requested. Fed. R. Civ. P. 7(b). A motion for leave to amend "should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). *See also Doe v. Pryor*, 344 F.3d 1282, 1288 (11th Cir. 2003).

Amendments to add claims are to be granted more freely than claims to add new parties. *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991). The Court views amendments to add affirmative defenses as being analogous to amendments to add claims. Leave to amend may be denied for undue delay, bad faith or dilatory motive, futility of amendment, prejudice to the opposing party, and repeated failure to cure deficiencies by previous amendments. *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1275 (M.D. Fla. 2002), *citing, Forman v. Davis*, 371 U.S. 178, 182 (1962); *Bryant v. Dupree*, 252 F.3d 1161, 1163-65 (11th Cir. 2001).

When a motion to amend is made after the deadline established by the Court's pretrial scheduling order, the moving party "must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). To satisfy good cause, the moving party must show "compelling reasons" why amendment could not have been presented earlier. *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995).

III. **ANALYSIS**

    A.  **Plaintiff Fails to Show Good Cause For Filing the Motion to Amend After the Scheduling Order Deadline**

From the inception of this case, Defendant has known that Cox sustained his injury while at work at Home Depot. Defendant does not state when it became aware that Home Depot's actions caused or contributed to Cox's injury, but the possibility that the employer was responsible or shared responsibility for Cox's injury was apparent from the beginning. Defendant certainly could have ascertained sufficient facts to support the affirmative defense it now seeks to raise within the time established by the CMSO to amend pleadings.

As to the affirmative defense based on the statute of repose, Defendant again fails to show why it delayed so long to raise the defense. Defendant states that it "suspects" the product at issue was sold to Home Depot more than 12 years prior to Cox's injury (Docket 17 at 3), and the basis for its belief is the fact that Home Depot opened for business at that location in late 1991. Docket 17 at 4. The date when Home Depot opened its store seems like it would be a simple matter to discover. Defendant, however, does not state when it obtained this information or why it could not obtain the information by the deadline established in the CMSO.

Based on the above, Defendant has not established good cause for its belated request to amend its answer. This failure alone would justify denial of Defendant's motion to amend.

    B.  **Justice Requires Denial of the Amendment**

The Court may deny amendment of a pleading if justice so requires. In this case, justice requires denial of the amendment given Defendant's undue delay and prejudice to Plaintiffs. Although Defendant asserts "some" discovery related to the affirmative defenses already has occurred, discovery

closes on January 31, 2007. Plaintiffs would not have a sufficient opportunity to conduct discovery prior to the discovery deadline. The lack of opportunity to conduct discovery of non-party Home Depot regarding its alleged contribution to Cox's injury would prejudice Cox's case.

Further, Defendant cannot prove when the chair was manufactured[2] or when Home Depot bought the particular chair involved in Cox's injury. Defendant's argument that Home Depot purchased the chair when it first opened its store in 1991 is based on nothing but speculation. Amending the answer to assert the statute of repose in these circumstances is frivolous.

For the foregoing reasons, it is **RECOMMENDED** that Defendant's motion to amend its answer to assert additional affirmative defenses be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 16, 2007.

DONALD PAUL DIETRICH
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant has been unable to identify when the chair was manufactured. According to Defendant's supplemental interrogatory responses, provided on March 24, 2006, the chair was manufactured between 1984 and 1995. Docket 18-4 at 4. Defendant's corporate risk manager, Timothy Van Susteren, testified at his deposition on August 31, 2006, that the molded date stamp on the chair suggests a manufacture date of April 25 or 26, 1999. Docket 18-5 at 3:7-18; 12:25-13:7.